IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 11-18627 |
| | ) | |
| Andres Garcia and | ) | Hon. Jack B. Schmetterer |
| Guadalupe Garcia | ) | |
|     Debtors | ) | Chapter 13 |
| | ) | |
| | ) | |
| Andres Garcia and | ) | Adv No. 11A 01203 |
| Guadalupe Garcia | ) | |
|     Plaintiffs | ) | Hon. Jack B. Schmetterer |
| | ) | |
| v. | ) | |
| | ) | |
| BAC Home Loans Servicing L.P. | ) | |
|     Defendant | ) | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against BAC Home Loans Servicing LP, the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiffs are individuals residing at 1329 S. 49th Court, Cicero, IL 60804.

2. BAC Home Loans Servicing is a lender and/or servicer of mortgages.

3. Plaintiffs filed for relief under chapter 13 of the United States Bankruptcy Code on 04/30/2011 in the Northern District of Illinois, case number 11-18627.

4. This adversary proceeding arises under sections 502 and 506 of the United States Bankruptcy Code.

5. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334 and this is a core proceeding under 28. U.S.C. § 157.

6. Plaintiffs are the owners of real estate located at 1329 S. 49th Court, Cicero, IL 60804 described as follows:

Lot 34 ibn block 26 in Grant Locomotive Works Addition to Chicago . ..

Common Address: 1329 S. 49th Court, Cicero, IL 60804

Parcel ID #: 16-21-213-014-0000

7. The fair market value of the real estate is $100,000 pursuant to Exhibit A to the original adversary complaint.

8. A first mortgage lien is currently held by Citibank in the amount of $112,305.73 pursuant Exhibit B to the originally filed Complaint.

9. Under 11 U.S.C. §§ 506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim.

10. The amount owed on the first mortgage, $112,305.73, exceeds the value of the above real estate, $100,000.

11. Due to the junior mortgage lien, which is held by Defendant, being wholly unsecured, it should not be allowed as a secured claim, and the mortgage may be stripped off. See, Holloway v. U.S., 2001 WL 1249053 (N.D. Ill. Oct. 16, 2001); In re Waters, 276 B.R. 879 (N.D. Ill 2002); In re Pond, 252 F.3d 122 (2nd Cir. 2001); In re McDonald, 205 F.3d 606 (3rd Cir. 2000); In Re Bartee, 212 F.3d 277 (5th Cir. 2000); In Re Lane, 280

F.3d 663 (6th Cir. 2002); In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Tannter, 217 F.3d 1357 (11th Cir. 2000).

Signed /s/ Jack B. Schmetterer

JUL 21 2011

7/21/11

Prepared by:
Jonathan D. Parker
Attorneys for Plaintiffs
Geraci Law LLC
55 E. Monroe St., Suite 3400
Chicago, IL 60603